**Dana L. Sullivan, OSB No. 94483**
E-mail: dsullivan@mbjlaw.com
MCKANNA BISHOP JOFFE & SULLIVAN LLP
1635 NW Johnson St.
Portland OR 97209
Telephone:     (503) 226-6111
Facsimile:     (503) 226-6121

      Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTIE DIMON,** | Civil No. |
| Plaintiff, | |
| v. | COMPLAINT<br>(Violations of 42 U.S.C. § 2000e, *et seq.*;<br>ORS 659A.030) |
| **STATE OF OREGON,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## INTRODUCTION

1.     This is an action for declaratory, injunctive and monetary relief, including

attorneys' fees and costs, to redress the deprivation of rights secured to plaintiff by federal and

state employment rights statutes.

## JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question

jurisdiction.

3.     Plaintiff requests this Court to invoke its supplemental jurisdiction pursuant to 28

U.S.C. § 1367 with respect to causes of action based on Oregon law, because the state claims

arise from the same nucleus of operative facts as the federal claims.

4.      Venue is the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

5.      Plaintiff exhausted her administrative remedies as to all claims for which administrative filing is a prerequisite by filing a complaint with the Oregon Bureau of Labor and Industries (BOLI) on February 23, 2007, which was co-filed with the Equal Employment Opportunity Commission (EEOC).

6.      Plaintiff was issued a notice of right to sue from BOLI on February 25, 2008. Plaintiff received a notice of right to sue on her federal claim on May 12, 2008. Plaintiff filed the instant action within 90 days of the issuance of BOLI's notice of her right to sue and within 90 days of her receipt of the federal notice of right to sue.

7.      Plaintiff sent a Tort Claim Notice to defendant on January 5, 2007.

## PARTIES

8.      Plaintiff, Christie Dimon (hereinafter "plaintiff"), is currently a resident of Lebanon, Oregon. From June 1, 2006, until October 23, 2006, plaintiff was an employee of defendant State of Oregon, Department of Administrative Services (hereafter "defendant" or "DAS"), in its Construction Services Department.

9.      Defendant is the State of Oregon. At all material times, defendant employed more than 150 employees.

## GENERAL ALLEGATIONS

10.     Plaintiff began her employment with DAS's Construction Services Department on June 1, 2006 as a Construction Project Manager (CPM) II.

11.     Plaintiff had also applied to be hired as a CPM III, a higher level position. After leading plaintiff to believe that she was being hired as a CPM III, Robert Reitmajer,

Page 2 -      **COMPLAINT**

("Reitmajer"), Manager, hired plaintiff as a CPM II.  It was only after plaintiff accepted the position that she learned she had been hired at a CPM II level.

12.     Less qualified males were promoted or hired into the CPM III position around the same time Reitmajer hired plaintiff.  Plaintiff was the only female CPM and the only CPM II. All male CPM's had the title of CPM III.

13.     On or around August 31, 2006, Mr. Reitmajer criticized plaintiff for wearing work attire that was allegedly inappropriate.  On that day, plaintiff was wearing jeans that were neat and clean, and cowboy boots.  Mr. Reitmajer explained that he did not want plaintiff to wear jeans, except on Fridays.  Reitmajer had also criticized other female employees for their dress, while not subjecting male employees to similar criticism.

14.     After Mr. Reitmajer reprimanded plaintiff, she routinely observed her male coworkers wearing jeans throughout the work area and dressing in a manner that did not appear to comport with Mr. Reitmajer's definition of "professional."

15.     By reprimanding plaintiff for her attire and instructing her to dress more "professionally," and by subjecting plaintiff and other female employees to an unwritten dress code that was not applied to male employees Reitmajer subjected plaintiff to disparate treatment based on her sex.

16.     Mr. Reitmajer terminated plaintiff's employment on October 23, 2006.  He refused to provide plaintiff with any explanation as to the basis for the termination, other than to assert that plaintiff was "not a good fit."  However, with the exception of the issue regarding plaintiff's attire, all of Mr. Reitmajer's feedback regarding plaintiff's job performance had been positive.

///

17.     Reitmajer terminated other female CPM's at the end of their probationary periods despite satisfactory job performance, while retaining male CPM's whose performance was lacking.

## FIRST CLAIM FOR RELIEF
### (Violation of 42 U.S.C. §§ 2000e–2000e-17)

18.     Plaintiff realleges and incorporates paragraphs 1 through 17 above.

19.     Defendant State of Oregon has engaged in a pattern of sexually discriminatory hiring and employment practices.

20.     As part of this pattern and practice of sex discrimination, defendant has discriminated against female employees, including plaintiff, in the following ways:

a.     Hiring plaintiff for the position of CPM II rather than CPM III, while hiring and/or promoting plaintiff's male counterparts with equal or less relevant experience to the CPM III position;

b.     Imposing a dress code on plaintiff and other female employees without imposing a dress code on similarly-situated male employees; and

c.     Engaging in a pattern or practice of terminating female employees, including plaintiff, at the end of their probationary periods despite satisfactory job performance while retaining male employees whose performance was lacking..

21.     Plaintiff is entitled to a declaration that defendant has violated her federal statutory right to be free of sex discrimination.

22.     As a direct and proximate result of defendant's conduct, plaintiff has suffered lost income and benefits, including prejudgment interest, all to her economic detriment, in an amount to be determined at trial.

23.    As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer from emotional distress, anxiety, humiliation, embarrassment, damage to her professional reputation, and diminished earning capacity, and is entitled to an award of compensatory damages in the amount of $250,000.

24.    Pursuant to 42 U.S.C. § 1988, plaintiff is entitled to an award of reasonable attorneys' fees, expert fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF
### (Violation of ORS 659A.030)

25.    Plaintiff realleges and incorporates paragraphs 1 through 17 above.

26.    Defendant has engaged in a pattern of sexually discriminatory hiring and compensation practices.

27.    As part of this pattern and practice of sex discrimination, defendant has discriminated against female employees, including plaintiff, in the following ways:

a.    Hiring plaintiff for the position of CPM II rather than CPM III, while hiring and/or promoting plaintiff's male counterparts with equal or less relevant experience to the CPM III position;

b.    Imposing a dress code on plaintiff and other female employees without imposing a dress code on similarly-situated male employees; and

c.    Engaging in a pattern or practice of terminating female employees, including plaintiff, at the end of their probationary periods despite satisfactory job performance while retaining male employees whose performance was lacking.

28.    Plaintiff is entitled to a declaration that defendant has violated her state statutory right to be free of sex discrimination.

29.     As a direct and proximate result of defendant's conduct, plaintiff has suffered lost income and benefits, including prejudgment interest, all to her economic detriment, in an amount to be determined at trial.

30.     As a direct and proximate result of defendant's discriminatory conduct, plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and loss of enjoyment of life and is entitled to an award of compensatory damages in the amount of $250,000.

31.     Plaintiff is also entitled to recover her reasonable attorneys' fees and costs pursuant to ORS 20.107 and ORS 659A.885(1).

## DEMAND FOR A JURY TRIAL

32.     Plaintiff makes a demand for a jury trial.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.     On plaintiff's First Claim for Relief:

   a.     A declaration that defendants have violated plaintiff's federal statutory right to be free of sex discrimination.;

   b.     Economic damages in an amount to be proven at trial;

   c.     Compensatory damages in the amount of $250,000; and

   d.     Plaintiff's attorneys' fees, expert witness fees, and costs pursuant to 42 U.S.C. § 1988.

2.     On plaintiff's Second Claim for Relief:

   a.     A declaration that defendant has violated plaintiff's state statutory right to be free of sex discrimination;

   b.     Economic damages in an amount to be determined at trial;

      c.      Compensatory damages in the amount of $250,000; and

      d.      Plaintiff's attorneys' fees, expert fees and costs pursuant to ORS 20.107

and ORS 659A.885(1).

DATED this 22nd day of May, 2008.

MCKANNA BISHOP JOFFE & SULLIVAN LLP

/s/ Dana L. Sullivan

_____

Dana L. Sullivan, OSB No. 94483
Telephone: (503) 226-6111
Of Attorneys for Plaintiffs