FILED '09 OCT 20 16:49 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTIE KATE DIMON, | ) |
| | ) |
| Plaintiff, | ) Civil No. 08-6152-HO |
| | ) |
| v. | ) ORDER |
| | ) |
| STATE OF OREGON, DEPARTMENT OF ADMINISTRATIVE SERVICES, CONSTRUCTION SERVICES DEPARTMENT, | ) ) ) |
| | ) |
| Defendant. | ) ) |

Plaintiff brought this action against the State defendants claiming defendants discriminated in their hiring practices, dress code imposition and failure to hire her despite her satisfactory trial service performance, based on her gender. (#1). A five-day trial before this court resulted in a jury finding that: (1) defendants had not subjected plaintiff to an adverse employment action solely because of her gender and (2)

1 - ORDER

that plaintiff had not proven that her sex was a motivating factor in any adverse employment action taken by defendants. (#142).

Defendants after prevailing in trial, move for an award of costs totaling $7,797.32 and fees totaling $147,646.97, asserting that plaintiff has "made a mockery of the legal system and belittled legitimate claims of gender discrimination." (#145-147). Plaintiff opposes defendants' fee request in total and objects to portions of their cost bill. (#155).

**A.   Attorney Fees Award:**

Title VII provides in relevant part: "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs."  42 U.S.C. §2000e-5(k).  The statute itself does not list standards to be used by the court stating only that fees may be awarded upon a court's "discretion".  *Id.*

However, the U.S. Supreme Court has articulated standards for courts to apply to such requests holding that a court must first find that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Christianburg Garment Co. V. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694 (1978; <u>see</u> <u>also</u> *Vernon v. City of Los Angeles*, 27 F3d 1385, 1402 (9th cir. 1994)( prevailing civil

2 - ORDER

rights defendant's attorney fees awarded if plaintiff's actions are unreasonable, frivolous, meritless or vexatious). Additionally the Court noted that the course of litigation is rarely predictable and stressed the importance of "resist[ing] the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation." *Christianbury*, 434 U.S. at 421-22.

This Circuit has further cautioned that "attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Saman v. Robbins,* 173 F3d 1150, 1157 (9th Cir. 1999)(quoting *Barry v. Fowler,* 902 f2d 770, 773 (9th Cir. 1990)). The Ninth Circuit while recognizing there are equitable considerations on both sides of the fee issue, has specifically cautioned district courts to "exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be 'airtight'." *Bruno's Restaurant v. EEOC,* 13 F3d 285, 287 ((9th Cir. 1993).

In deciding whether plaintiff's action in this case was so lacking in merit as to justify awarding the substantial attorney fees requested by the State defendants this court has carefully considered *inter alia* whether plaintiff established a *prima facie* case of gender discrimination, whether the defendants offered to settle this case and whether any dispositive motions were filed

3 - ORDER

prior to trial. Here, plaintiff did establish a *prima facie* case (albeit a thin and ultimately unconvincing one), which defendants allowed to go to trial without filing any dispositive motions. Plaintiff also entertained two reasonably substantial pre-trial settlement offers from defendants.

I therefore do not find that plaintiff's case was so completely unreasonable and lacking in foundation as to merit the award of the State defendants' attorney fee request. Defendants' motion for attorney fees is therefore denied.

**B.    Costs Award:**

Costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d).

Defendants have filed a cost bill totaling $7,797.32, which seeks a prevailing party fee, deposition and transcript fees, witness and mileage fees and costs for phone calls to Ireland. (#146, #147).

Plaintiff while agreeing that defendants are entitled to most of their requested costs, specifically objects to cost requests for (1) witnesses that did not appear at trial; (2) defendants' subpoena of Mr. Fawver personnel records; (3) costs of Mr. Will's deposition to the extent that requested costs exceed those indicated on the court reporter's invoice and (4) the defendants' phone calls to Ireland. (#155).

4 - ORDER

1. <u>Witnesses not Appearing at Trial</u>

Plaintiff argues that witnesses who did not testify at trial should not have their fees and mileage reimbursed. Defendant allows that because plaintiff's mother Marjorie Michael was neither subpoenaed nor appeared, her fee and mileage (a total of $181.97), should be deleted from their cost bill.

Oregon law provides that witnesses (even those not subpoenaed) who travel to testify in a trial are entitled to witness fees and mileage reimbursement. *Norris v. Norris*, 201 Or App 162, 165, 118 P3d 266 (Or.App. 2005). Thus defendants' corrected witness fee and mileage cost bill for all witnesses subpoenaed and traveling to testify (whether ultimately called to testify or not), is allowed in the amount of $1,780.00.

2. <u>Personnel Records</u>

Plaintiff objects to the $40.00 subpoena fee for Mr. Fawver's personnel records from West Valley Housing Authority requested by defendants. Plaintiff argues that Mr. Fawver's records were not relevant to the issues at trial. Defendant counters that because Mr. Fawver's credibility was an issue in the trial, this was a reasonable trial preparation expense. Given the broad latitude of discovery allowed by the rules, I agree and allow the $40.00 subpoena fee.

3. <u>Will's deposition costs</u>

Plaintiff contests the $290.75 reported by defendant for

5 - ORDER

Mr. Will's first day's deposition asserting that careful review of the record reveals this cost in fact only totaled $288.60. Defendants agree and waive their request for the unsupported $2.15 in deposition costs.

Defendants corrected request for $4357.95 in deposition and transcript costs is allowed.

4. Phone Calls to Ireland

With considerable temerity, plaintiff objects to defendants' request for the cost of their phone calls made to various Irish universities, asserting the calls are excessive and unreasonable. Defendants respond that they made the calls to Ireland in their relevant (albeit vain) attempts to verify plaintiff's oft-changing testimony regarding her educational background. Given the well-developed record regarding this matter, defendants' cost bill for the phone calls to Ireland is allowed to the extent to which the defendants have supplied this court a record, namely $1,056.68[1].

CONCLUSION

For the reasons stated above, defendants' motion for attorney fees and costs (#145) is DENIED in part and GRANTED in part.

---

[1] The court allowed the State defendants until today to supplement their cost bill as promised in their pleadings (#147, p.4), however defendants have communicated to the clerks' office that the remaining telephone invoices will not be forthcoming.

Defendants' motion for attorney fees ((#145) is DENIED.

Defendants' motion for costs (#145) is GRANTED as follows:

| | |
|---|---|
| Docket fees | $    20.00 |
| Deposition and Transcript costs | $4,357.95 |
| Witness Fees and Mileage costs | $1,780.00 |
| Records costs | $   240.00 |
| Phone Calls to Ireland | <u>$1,056.68</u> |
| **Total Costs allowed** | **$7,454.63** |

IT IS SO ORDERED

DATED this 20th day of October, 2009.

_____
Michael R. Hogan
UNITED STATES DISTRICT JUDGE

7 - ORDER